1   PAUL J. HALL (SBN 066084)
    paul.hall@dlapiper.com
2   ALEC CIERNY (SBN 275230)
    alec.cierny@dlapiper.com
3   DLA PIPER LLP (US)
    555 Mission Street, Suite 2400
4   San Francisco, CA  94105
    Tel:  (415) 836-2500
5   Fax:  (415) 836-2501

6   JOSEPH COLLINS (Admitted *Pro Hac Vice*)
    joseph.collins@dlapiper.com
7   DLA PIPER LLP (US)
    203 North LaSalle Street, Suite 1900
8   Chicago, IL 60601-1293
    Tel: (312) 368-4000
9   Fax: (312) 236-7516

10  Attorneys for Defendant
    Apple Inc.
11

12                  UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

15  **NANCY ROMINE MINKLER**,            CASE NO.  5:13-cv-05332-EJD
    Individually and on Behalf of All Others
16  Similarly Situated,                  **DEFENDANT APPLE INC.'S NOTICE OF
                                         MOTION AND MOTION TO DISMISS
17                        Plaintiffs,    COMPLAINT**

18      v.                               **(FEDERAL RULES OF CIVIL
                                         PROCEDURE RULES 12(B)(6) AND 9(B))**
19  **APPLE INC.**,
                                         **DATE:          JULY 18, 2014**
20                        Defendant.     **TIME:          9:00 A.M.**

21                                       **COURTROOM:  4**

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 18, 2014 at 9:00 A.M., or as soon thereafter as this matter may be heard before the Honorable Edward J. Davila in Courtroom 4 of the above-entitled Court located at 280 South 1st Street, San Jose, California 95113, Defendant Apple Inc. ("Apple") will and hereby does move to dismiss the Complaint of Plaintiff Nancy Romine Minkler ("Plaintiff") under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

Defendant seeks dismissal of the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that:

1. Plaintiff fails to plead in Counts I and II that she met the pre-suit demand requirement set forth in Cal. Comm. Code § 2607.

2. Count I fails to state a claim for breach of express warranty.

3. Count II fails to state a claim for breach of implied warranty.

4. Count III fails to state a claim for violation of the Magnuson Moss Warranty Act ("MMWA").

5. Plaintiff fails to plead her claims sounding in fraud with the level of particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

6. Count IV fails to state a claim for violation of § 1770 of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

7. Count V fails to state a claim for violation of the California False Advertising Law ("FAL"), Cal. Bus. & Profs. Code § 17500, *et seq.*

8. Count VI fails to state a claim for violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200, *et seq.*

9. Count VII alleging negligent misrepresentation fails to state a claim under California's economic loss doctrine.

1        This Motion is based on this Notice of Motion and Motion of Apple, the supporting

2    Memorandum of Points and Authorities, all pleadings and papers on file in this case, all matters

3    of which this Court may take judicial notice, and the arguments of counsel.

4                            Respectfully submitted,

5

6                           **DLA PIPER LLP (US)**

                       By:    /s/ Joseph Collins

7    Dated:  March 3, 2014                JOSEPH COLLINS

8                           Attorneys for Defendant
                       APPLE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL J. HALL (SBN 066084)
paul.hall@dlapiper.com
ALEC CIERNY (SBN 275230)
alec.cierny@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA  94105
Tel:  (415) 836-2500
Fax:  (415) 836-2501

JOSEPH COLLINS (Admitted *Pro Hac Vice*)
joseph.collins@dlapiper.com
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
Tel: (312) 368-4000
Fax: (312) 236-7516

Attorneys for Defendant
Apple Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NANCY ROMINE MINKLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO.  5:13-cv-05332-EJD<br><br>**DEFENDANT APPLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**(FEDERAL RULES OF CIVIL PROCEDURE RULES 12(B)(6) AND 9(B))**<br><br>**DATE:**          **JULY 18, 2014**<br>**TIME:**          **9:00 A.M.**<br>**COURTROOM:  4** |

1

# **TABLE OF CONTENTS**

2

**Page**

3   I.      INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED ........................ 1

4   II.     STATEMENT OF RELEVANT FACTS ............................................................... 2

        A.     The iPhone 5 ........................................................................................ 2

5       B.     The Maps Licensing Agreement ......................................................... 3

6       C.     Apple Works To Improve Maps ........................................................... 5

7       D.     Statements Relied On By Plaintiff ...................................................... 6

        E.     Other Statements Referenced In The Complaint ................................ 6

8       F.     Plaintiff's Two-Day Experience With Apple Maps ............................. 7

9   III.    LEGAL STANDARD .......................................................................................... 7

10  IV.     ARGUMENT ...................................................................................................... 8

        A.     Plaintiff's Warranty Claims In Counts I-III Fail To State A Claim for

11             Relief ..................................................................................................... 8

12             1.     Plaintiff Fails To Plead That She Met The Pre-Suit Demand
                      Requirement In § 2607 Of The California Commercial Code ........ 8

13             2.     Plaintiff Fails To State A Claim For Breach Of Express Warranty ........ 9

                      a.     The Hardware Warranty Does Not Extend To Maps ..................... 9

14                    b.     Plaintiff Pleads Insufficient Facts To Present A Valid

15                           Hardware Warranty Claim ................................................ 10

16                    c.     Plaintiff Fails To Identify Any Other Express Warranty ............. 11

               3.     Plaintiff Fails To State A Claim For Breach Of Implied Warranty ......... 12

17                    a.     Plaintiff Fails To Allege That The Fundamental Purpose Of

18                           The iPhone 5 Was Navigational Capability ................................. 13

               4.     Plaintiff Fails To State A Claim For Violation Of The MMWA .............. 14

19      B.     Counts IV-VII Fail To State A Claim For Relief ............................................ 14

20             1.     Plaintiff Fails To State A Claim Under The CLRA ............................... 16

21                    a.     Plaintiff Fails To Plead The Requisite Elements Of A

                             CLRA Claim ......................................................................... 16

22                    b.     The CLRA Does Not Apply To Software .................................... 17

               2.     Plaintiff Fails To State A Claim Under The FAL .................................. 18

23             3.     Plaintiff Fails To State A Claim Under The UCL .................................. 18

24                    a.     Plaintiff Fails To Plead A "Fraudulent" Business Practice ........... 19

25                    b.     Plaintiff Fails To Plead An "Unfair" Business Practice ............... 19

                      c.     Plaintiff Fails To Plead An "Unlawful" Business Practice ............ 20

26             4.     Plaintiff's Negligent Misrepresentation Claim Fails To State A

27                    Claim For Relief ........................................................................... 20

28  V.      CONCLUSION ................................................................................................. 22

DLA PIPER LLP (US)
SAN FRANCISCO

EAST\70830027.6

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alvarez v. Chevron Corp.,*
656 F.3d 925 (9th Cir. 2011)..................................................................................... 8

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)..................................................................................... 7, 11

*Ayala v. World Savings Bank, FSB,*
616 F. Supp. 2d 1007 (C.D. Cal. 2009)................................................................ 20

*Baltazar v. Apple Inc.,*
No. C 10-03231-WHA, 2011 WL 6747884 (N.D. Cal. Dec, 22, 2011) ................ 15

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)..................................................................................... 7

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,*
20 Cal.4th 163 (1999) .................................................................................. 18, 20

*Clemens v. DaimlerChrysler Corp.,*
534 F.3d 1017 (9th Cir. 2008)................................................................ 14

*Cooper v. Pickett,*
137 F.3d 616 (9th Cir. 1997)................................................................ 20

*Eminence Capital, LLC v. Aspeon, Inc.,*
316 F.3d 1048 (9th Cir. 2003) (per curiam)................................................ 22

*Ferrington v. McAfee, Inc.,*
No. 10-CV-1455, 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010).......................... 17

*Foman v. Davis,*
371 U.S. 178 (1962)..................................................................................... 22

*Garcia v. Sony Computer Entm't Am., LLC,*
859 F. Supp. 2d 1056 (N.D. Cal. 2012) ............................................................ 15

*In re iPhone 4S Consumer Litig.,*
No. 412-cv-01127-CW, 2013 WL 3829653 (N.D. Cal. July 23, 2013)................ 18

*In re iPhone 4S Consumer Litig.,*
No. 412-cv-01127-CW, 2014 WL 589388 (N.D. Cal. Feb. 14, 2014) ................ 15

*In re iPhone Application Litig.,*
No. 11-MD-2250, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ...................... 17

<u>**TABLE OF AUTHORITIES**</u>
**(continued)**

**Page**

*J'Aire Corp. v. Gregory,*
24 Cal.3d 799 (Cal. 1979) .................................................................................................. 21

*Janda v. T-Mobile USA, Inc.,*
378 Fed.Appx. 705 (9th Cir. 2010) ..................................................................................... 20

*Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.,*
315 F. App'x 603 (9th Cir. 2008) ........................................................................................ 21

*Kearns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009) ....................................................................................... 14, 15

*Lee v. City of Los Angeles,*
250 F.3d 668 (9th Cir. 2001) ................................................................................................. 7

*Love v. United States,*
915 F.2d 1242 (9th Cir. 1988) ............................................................................................... 7

*Maneely v. Gen. Motors Corp.,*
108 F.3d 1176 (9th Cir. 1997) ............................................................................................. 11

*Marder v. Lopez,*
450 F.3d 445 (9th Cir. 2006) ................................................................................................. 2

*Maxwell v. Unilever v. U.S., Inc.,*
No. 5:12-cv-01736-EJD, 2013 WL 1435232 (N.D. Cal. Apr. 9, 2013) ................................ 15

*McKinney v. Google, Inc.,*
No. 5:10-cv-01177-EJD, 2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) ............................. 15

*Mendiondo v. Centinela Hosp. Med. Ctr.,*
521 F.3d 1097 (9th Cir. 2008) ............................................................................................... 7

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,*
522 F.3d 1049 (9th Cir.2008) ....................................................................................... 14, 20

*Robinson Helicopter Co. v. Dana Corp.,*
34 Cal. 4th 979 (Cal. 2004) ................................................................................................. 21

*Samura v. Kaiser Foundation Health Plan, Inc.,*
17 Cal. App. 4th 1284 (1993) ............................................................................................. 20

*Spiegler v. Home Depot U.S.A., Inc.,*
552 F. Supp. 2d 1036 (C.D. Cal. 2008) ............................................................................... 20

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

*Stearns v. Ticketmaster,*
655 F.3d 1013 (9th Cir. 2011), cert. denied (April 23, 2012)...............................19

4

5

*Ticconi v. Blue Shield of Cal.,*
160 Cal. App. 4th 528 (2008)...................................................................................19

6

*Tietsworth v. Sears,*
720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...................................................................13

7

8

*Walker v. Countrywide Home Loans, Inc.,*
98 Cal. App. 4th 1158 (2002)...................................................................................20

9

10

*Weinstat v. Dentsply Int'l., Inc.,*
180 Cal. App. 4th 1213 (2010) .................................................................................11

11

*Williams v. Gerber Prods. Co.,*
552 F.3d 934 (9th Cir. 2008)....................................................................................16

12

13

*Wofford v. Apple Inc.,*
No. 11-CV-0034, 2011 WL 5445054 (S.D. Cal. Nov. 9, 2011) ..............................17

14

15

**STATUTES**

16

18 U.S.C. § 2301(d)(1).........................................................................................................14

17

Cal. Bus. & Prof. Code § 17200 ..........................................................................................18

18

Cal. Bus. & Prof. Code § 17500 ..........................................................................................18

19

Cal. Civ. Code § 1770 ....................................................................................................9, 17

20

Cal. Civ. Code § 1770(a).....................................................................................................16

21

Cal. Comm. Code § 2134(2)(c) ...........................................................................................13

22

Cal. Comm. Code § 2313(1) ................................................................................................11

23

Cal. Comm. Code § 2314 .....................................................................................................12

24

Cal. Comm. Code § 2316 .....................................................................................................12

25

Cal. Comm. Code § 2607 .......................................................................................................8

26

California Consumers Legal Remedies Act § 1770(a)(7) .....................................................16

27

28

1

## TABLE OF AUTHORITIES
### (continued)

2
<u>**Page**</u>

3
**RULES**

4
Fed. R. Civ. P. 8 ................................................................................................................ 17

5
Fed. R. Civ. P. 8(a) ............................................................................................... 7, 11, 16

6
Fed. R. Civ. P. 12(b)(6) .................................................................................................. 7

7
Fed. R. Civ. P. Rule 9(b) ............................................................ 1, 14, 15, 16, 17, 18, 20, 21

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
SAN FRANCISCO

1       **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.    INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED**

3           Plaintiff complains that the Apple Maps feature on her iPhone 5 did not operate perfectly

4   after two days of use.  Her claimed dissatisfaction, however, does not in itself create a legal cause

5   of action.  Apple never promised to Plaintiff - or anyone else - that Maps would operate without

6   fail.  To the contrary, Apple's express warranty did not extend to Maps, it expressly disclaimed

7   any and all express and implied warranties regarding its performance, and it specifically licensed

8   the Maps software "as-is."  Plaintiff chose to accept these terms, and does not allege that she

9   refused the warranty and returned her iPhone 5 for a full refund, as allowed under Apple's

10  warranty.  As such, Plaintiff's warranty claims in Counts I-III fail as a matter of law.  Plaintiff's

11  remaining CLRA, UCL, FAL and negligent misrepresentation claims in Counts IV-VII similarly

12  fail, because she does not point to any statement made by Apple remotely suggesting that Maps

13  would operate error-free.  To the contrary, one of the few statements Plaintiff saw prior to

14  purchasing her iPhone was a letter from Apple's CEO apologizing for "falling short" with Maps,

15  and recommending that consumers download other free maps applications on their Apple devices

16  while Apple works to improve Maps.  Thus, any belief by Plaintiff that Maps was perfect or

17  error-free was unreasonable as a matter of law.  Put simply, Plaintiff's entire theory rests on a

18  promise that was never made.  The Complaint should be dismissed in its entirety without leave to

19  amend.

20          The Court must decide whether Plaintiff (1) alleges a breach of warranty claim where the

21  allegedly defective software is not covered under the applicable hardware warranty, and the

22  hardware warranty disclaims all other warranties, both express and implied; (2) states claims for

23  violation of the CLRA, FLA, UCL or negligent misrepresentation where Apple never made a

24  false or misleading statement suggesting that Maps would operate without fail; and (3) pleads her

25  claims against Apple with the level of particularity required by Rule 9(b) of the Federal Rules of

26  Civil Procedure.

27

28

**II.**   **STATEMENT OF RELEVANT FACTS**

    **A.**   **The iPhone 5.**

        Apple released the Apple iPhone 5 on September 21, 2012. (Complaint, Dkt. No. 1, at ¶ 17.)  The iPhone 5 combines a mobile phone, a portable digital music and media player, and an internet communication device into a single hand-held product. (*Id.* at ¶¶ 22, 24.)  The iPhone 5 came with a limited, one-year hardware warranty ("Hardware Warranty") that covers the iPhone's hardware against defects in materials and workmanship for a period of one (1) year from the date of original retail purchase by the end-user purchaser. (*Id.* at ¶ 43; *see also* Declaration of Scott Maier ("Maier Decl.") Ex. 1(a-b), and Request for Judicial Notice ("RJN").)[1]  However, the Hardware Warranty does <u>not</u> cover any software installed on the iPhone:

> WHAT IS NOT COVERED BY THIS WARRANTY?
>
> ***This Warranty does not apply to any*** non-Apple branded hardware products or any ***software, even if packaged or sold with Apple hardware***…. Please refer to the licensing agreement accompanying the software for details of your rights with respect to its use. ***Apple does not warrant that the operation of the Apple Product will be uninterrupted or error-free***.

(*Id.* (emphasis added).)

        Under the Hardware Warranty, Plaintiff was free to return her iPhone for a refund if she did not agree to its terms:

> IMPORTANT: BY USING YOUR iPHONE, iPAD or iPOD PRODUCT YOU ARE AGREEING TO BE BOUND BY THE TERMS OF THE APPLE ONE (1) YEAR LIMITED WARRANTY ("WARRANTY") AS SET OUT BELOW. DO NOT USE YOUR PRODUCT UNTIL YOU HAVE READ THE TERMS OF THE WARRANTY. IF YOU DO NOT AGREE TO THE TERMS OF THE WARRANTY, DO NOT USE THE PRODUCT AND RETURN IT WITHIN THE RETURN PERIOD STATED IN APPLE'S RETURN POLICY (FOUND AT www.apple.com/legal/sales_policies/) TO THE APPLE OWNED RETAIL STORE OR THE AUTHORIZED DISTRIBUTOR WHERE YOU PURCHASED IT FOR A REFUND.

(*Id.*)  The Hardware Warranty states in capitalized typeface that it is exclusive and in lieu of all

---

[1] A court may consider unattached evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  Plaintiff specifically quotes portions of the Hardware Warranty in paragraph 43 of the Complaint and references the Hardware Warranty repeatedly throughout her pleading.

DLA PIPER LLP (US)
SAN FRANCISCO

EAST\70830027.6

1   other oral or written warranties, express or implied:

2       TO THE EXTENT PERMITTED BY LAW, THIS WARRANTY AND THE
        REMEDIES SET FORTH ARE EXCLUSIVE AND IN LIEU OF ALL OTHER
3       WARRANTIES, REMEDIES AND CONDITIONS, WHETHER ORAL,
        WRITTEN, STATUTORY, EXPRESS OR IMPLIED. APPLE DISCLAIMS ALL
4       STATUTORY AND IMPLIED WARRANTIES, INCLUDING WITHOUT
        LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR
5       A PARTICULAR PURPOSE AND WARRANTIES AGAINST HIDDEN OR
        LATENT DEFECTS, TO THE EXTENT PERMITTED BY LAW.

6

7   (*Id.*)

8       In the event of a hardware defect, Plaintiff was required to submit a warranty claim to

9   Apple during the Warranty Period, and Apple would either "(i) repair the Apple Product using

10  new or previously used parts …, (ii) replace the Apple Product with a device that is at least

11  functionally equivalent to the Apple Product …, or (iii) exchange the Apple Product for a refund

12  of your purchase price." (*Id.*)  The Hardware Warranty also disclaims Apple's liability for

13  "direct, special, incidental, indirect or consequential damages." (*Id.*)

14      **B.    The Maps Licensing Agreement.**

15      Apple's App Store has over 700,000 apps for the iPhone. (Complaint, at ¶ 6.)  One of

16  those apps is Apple Maps, a navigation service that works on any Apple device (not just the

17  iPhone 5) supporting iOS 6 or later. (*See Id.*, at ¶ 1.)  As expressly referenced in the Hardware

18  Warranty, the licensing agreement covering Maps is the Apple iOS Software Licensing

19  Agreement ("Maps License Agreement"). (Maier Decl., Ex. 2, RJN.)  Paragraph 5(e) of the Maps

20  License Agreement states that Apple does not guarantee the accuracy of Maps, and it should not

21  be relied upon where precise location information is needed:

22      Neither Apple nor any of its content providers guarantees the availability,
        accuracy, completeness, reliability, or timeliness of stock information, location
23      data or any other data displayed by any Services…. Location data provided by any
        Services, including the Apple Maps service, is provided for basic navigational
24      and/or planning purposes only and is not intended to be relied upon in situations
        where precise location information is needed or where erroneous, inaccurate, time-
25      delayed or incomplete location data may lead to death, personal injury, property or
        environmental damage.

26

27  (*Id.* at ¶ 5(e).)

28

DEFENDANT'S MPA ISO MOTION TO DISMISS COMPLAINT -- CASE NO.  5:13-cv-05332-EJD

EAST\70830027.6

In Paragraph 7.3 of the Maps License Agreement, Apple states in capitalized typeface that Maps is provided "as is," "as available," and "without warranty of any kind," and disclaims all implied warranties, including the implied warranty of "merchantability" and "fitness for a particular purpose:"

> TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE iOS SOFTWARE AND SERVICES ARE PROVIDED "AS IS" AND "AS AVAILABLE", WITH ALL FAULTS AND WITHOUT WARRANTY OF ANY KIND, AND APPLE AND APPLE'S LICENSORS (COLLECTIVELY REFERRED TO AS "APPLE" FOR THE PURPOSES OF SECTIONS 7 AND 8) HEREBY DISCLAIM ALL WARRANTIES AND CONDITIONS WITH RESPECT TO THE iOS SOFTWARE AND SERVICES, EITHER EXPRESS, IMPLIED OR STATUTORY, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES AND/OR CONDITIONS OF MERCHANTABILITY, SATISFACTORY QUALITY, FITNESS FOR A PARTICULAR PURPOSE, ACCURACY, QUIET ENJOYMENT, AND NON-INFRINGEMENT OF THIRD PARTY RIGHTS.

(*Id.* at ¶ 7.3.)  Apple further states in Paragraph 7.4 that it does not warrant that Maps "will be uninterrupted or error-free," or that defects in Maps will be corrected:

> APPLE DOES NOT WARRANT AGAINST INTERFERENCE WITH YOUR ENJOYMENT OF THE iOS SOFTWARE AND SERVICES, THAT THE FUNCTIONS CONTAINED IN, OR SERVICES PERFORMED OR PROVIDED BY, THE iOS SOFTWARE WILL MEET YOUR REQUIREMENTS, THAT THE OPERATION OF THE iOS SOFTWARE AND SERVICES WILL BE UNINTERRUPTED OR ERROR-FREE, THAT ANY SERVICE WILL CONTINUE TO BE MADE AVAILABLE, THAT DEFECTS IN THE iOS SOFTWARE OR SERVICES WILL BE CORRECTED, OR THAT THE iOS SOFTWARE WILL BE COMPATIBLE OR WORK WITH ANY THIRD PARTY SOFTWARE, APPLICATIONS OR THIRD PARTY SERVICES. INSTALLATION OF THIS SOFTWARE MAY AFFECT THE USABILITY OF THIRD PARTY SOFTWARE, APPLICATIONS OR THIRD PARTY SERVICES.

(*Id.* at ¶ 7.4.)

By agreeing to its terms, Plaintiff acknowledged in Paragraphs 7.5 and 7.6 she did not rely on any oral or written statements and that Maps was not intended for situations where inaccuracies could lead to personal injury or property damage:

> YOU FURTHER ACKNOWLEDGE THAT THE iOS SOFTWARE AND SERVICES ARE NOT INTENDED OR SUITABLE FOR USE IN SITUATIONS OR ENVIRONMENTS WHERE THE FAILURE OR TIME DELAYS OF, OR ERRORS OR INACCURACIES IN, THE CONTENT, DATA OR INFORMATION PROVIDED BY THE iOS SOFTWARE OR SERVICES COULD LEAD TO DEATH, PERSONAL INJURY, OR SEVERE PHYSICAL OR ENVIRONMENTAL DAMAGE, INCLUDING WITHOUT LIMITATION

-4-

THE OPERATION OF NUCLEAR FACILITIES, AIRCRAFT NAVIGATION OR COMMUNICATION SYSTEMS, AIR TRAFFIC CONTROL, LIFE SUPPORT OR WEAPONS SYSTEMS.

NO ORAL OR WRITTEN INFORMATION OR ADVICE GIVEN BY APPLE OR AN APPLE AUTHORIZED REPRESENTATIVE SHALL CREATE A WARRANTY. SHOULD THE iOS SOFTWARE OR SERVICES PROVE DEFECTIVE, YOU ASSUME THE ENTIRE COST OF ALL NECESSARY SERVICING, REPAIR OR CORRECTION.

(*Id.* at ¶¶ 7.5, 7.6.)

**C.   Apple Works To Improve Maps.**

Immediately after Apple Maps was launched, users and commentators publicly criticized it. In response to the criticism, Apple issued a statement on September 25, 2012, saying that the company is "continuously improving" Maps and "appreciates all the customer feedback." (Complaint, at ¶ 33.)  A few days later, Apple CEO Tim Cook posted a letter on the company's website apologizing for "falling short" on Maps and suggesting that customers use non-Apple map applications or website while Apple works to improve Maps.  (*Id.*)  The September 28, 2012 letter, quoted in full at paragraph 33 of the Complaint, states as follows:

To our customers,

At Apple, we strive to make world-class products that deliver the best experience possible to our customers. With the launch of our new Maps last week, we fell short on this commitment. We are extremely sorry for the frustration this has caused our customers and we are doing everything we can to make Maps better.

We launched Maps initially with the first version of iOS. As time progressed, we wanted to provide our customers with even better Maps including features such as turn-by-turn directions, voice integration, Flyover and vector-based maps. In order to do this, we had to create a new version of Maps from the ground up.

There are already more than 100 million iOS devices using the new Apple Maps, with more and more joining us every day. In just over a week, iOS users with the new Maps have already searched for nearly half a billion locations. The more our customers use our Maps the better it will get and we greatly appreciate all of the feedback we have received from you.

While we're improving Maps, you can try alternatives by downloading map apps from the App Store like Bing, MapQuest and Waze, or use Google or Nokia maps by going to their websites and creating an icon on your home screen to their web app.

Everything we do at Apple is aimed at making our products the best in the world. We know that you expect that from us, and we will keep working nonstop until Maps lives up to the same incredibly high standard.

Tim Cook
Apple's CEO

(*Id.*)

### D.        Statements Relied On By Plaintiff.

Plaintiff alleges that she saw statements made by Scott Forstall in June of 2012 touting the new iOS 6 as a "major initiative." (*Id.* at ¶ 16.)  Plaintiff further alleges that "[s]he chose to upgrade to the iPhone 5 based on representations regarding iOS 6, a substantial part of which was the defective Apple Maps." (*Id.* at ¶ 45.)

Plaintiff further alleges that "[j]ust prior to the release of Apple's iPhone 5 on September 21, 2012, [she] visited the Apple website which touted the 'non-stop work' of Apple that led to 'a number of improvements to Maps.'" (*Id.* at ¶ 17.)[2]  According to Plaintiff, "[t]hese representations about the new and improved Apple Maps influenced her decision to purchase the iPhone 5." (*Id.*)

### E.        Other Statements Referenced In The Complaint.

Plaintiff alleges that she saw the letter from Apple's CEO apologizing for Maps' problems before she purchased the iPhone 5. (*Id.* at ¶ 61.)  In paragraph 114 of the Complaint, Plaintiff alleges that "Apple claims to review each application before offering it to its users" and "purports to have implemented app standards," but she does not provide the time and place of these purported representations. (*See Id.* at ¶ 114.)

In paragraph 109 of the Complaint, Plaintiff alleges that Apple "represented at all relevant times that 'Apple takes precautions – including administrative, technical, and physical measures – to safeguard [purchaser's] personal safety.'"  The actual statement, found in Apple's Privacy Policy, however, uses the word "information," <u>not</u> "safety:" "Apple takes precautions – including administrative, technical, and physical measures – to safeguard your ***personal information*** against loss, theft, and misuse, as well as against unauthorized access, disclosure, alteration, and destruction." (*See* Maier Decl., Ex. 3 (a-d) ("Apple Privacy Policy") (emphasis added), RJN.)

---

[2] As a reference for the quote, Plaintiff cites a link to a Wikipedia article. (*Id.* at ¶ 17, n.3 (http://en.wikipedia.org/wiki/Maps_(application)).)  According to the linked Wikipedia article, this statement was not made prior to the release of the iPhone 5, but was made by Apple's CFO during an October 25, 2012 earnings call held over a month after the release of the iPhone 5 and "its aforementioned controversies." (*See* Declaration of Alec Cierny, Ex. 1, "Updates," n. 34, RJN.)

1    Plaintiff does not allege that she relied on any of the foregoing statements when

2    purchasing the iPhone 5.

3         **F.    Plaintiff's Two-Day Experience With Apple Maps.**

4    Tellingly, Plaintiff does not state when and where she purchased her iPhone 5. Plaintiff

5    alleges only that "approximately two days" after purchasing the iPhone 5, "the Maps Application

6    improperly labeled numerous streets, buildings and landmarks, as well as led her to several

7    incorrect locations." (Complaint, at ¶ 18.) Plaintiff does not provide specific examples of any of

8    the alleged errors, nor does she allege whether she submitted a valid warranty claim to Apple

9    during the Warranty Period.

10   **III.   LEGAL STANDARD**

11   Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to plead each claim

12   with sufficient specificity to "give the defendant fair notice of what the ... claim is and the

13   grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

14   (quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if

15   it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "Dismissal

16   under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or

17   sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*,

18   521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to

19   relief above the speculative level" such that the claim "is plausible on its face." *Twombly*, 550

20   U.S. at 556–57.

21   The court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v.*

22   *Iqbal*, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most

23   favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988). However,

24   the court may consider material submitted as part of the complaint or relied upon in the

25   complaint, and may also consider material subject to judicial notice. *See Lee v. City of Los*

26   *Angeles*, 250 F.3d 668, 688–69 (9th Cir. 2001) ("[M]aterial which is properly submitted as part of

27   the complaint may be considered."); *Twombly*, 550 U.S. at 555. But "courts are not bound to

28   accept as true a legal conclusion couched as a factual allegation." *Id.*

-7-

IV.    **ARGUMENT**

The common flaw permeating all seven Counts of Plaintiff's Complaint is the absence of any specific statement by Apple representing that Maps would operate error-free.  Plaintiff cites no such statement to support her warranty claims or misrepresentation claims.  Moreover, the Apple Warranty and governing Maps License Agreement specifically disclaim any warranty for the accuracy and reliability of Maps.  As for the statements she cites throughout her pleading, Plaintiff fails to identify the particular circumstances surrounding the statements and the relevance, if any, of these statements to her purchasing decisions.  For any and all of the following reasons, the Court should grant Apple's motion to dismiss without leave to amend.

A.    **Plaintiff's Warranty Claims In Counts I-III Fail To State A Claim for Relief.**

As set forth below, Plaintiff's warranty claims under the California Commercial Code are flawed for multiple reasons.  First, Plaintiff failed to meet the pre-suit demand requirement, and such failure forever bars her claims.  In addition, the Hardware Warranty that forms the basis of her claims does not cover Maps, and the governing Maps License Agreement provides the software "as is," with no express or implied warranties of any kind.  In sum, Apple never expressly or impliedly warranted the performance or utility of Maps.  Absent any such warranty, her claims fail as a matter of law.

1.    **Plaintiff Fails To Plead That She Met The Pre-Suit Demand Requirement In § 2607 Of The California Commercial Code.**

Under § 2607 of the California Commercial Code, which governs Plaintiff's claims for breach of express and implied warranties, a "buyer must, within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." Cal. Comm. Code § 2607.  Plaintiff fails to allege anywhere in the Complaint that she provided pre-suit notice to Apple regarding an alleged breach of an express or implied warranty within a reasonable time after she discovered the breach.  Indeed, Plaintiff even fails to state the dates that she purchased the product and the date that she discovered the breach.  As a result of this pleading deficiency, Plaintiff is barred from any remedy under § 2607, and Counts I-III should be dismissed without leave to amend. *See Alvarez v. Chevron Corp.,* 656 F.3d 925, 932

-8-

1    (9th Cir. 2011) ("To avoid dismissal of a breach of contract or breach of warranty claim in

2    California, '[a] buyer must plead that notice of the alleged breach was provided to the seller

3    within a reasonable time after discovery of the breach.'".)[3]

4              **2.      Plaintiff Fails To State A Claim For Breach Of Express Warranty.**

5              Even if Plaintiff satisfied the pre-suit notice requirement, she has no claim for breach of

6    express warranty.  The Hardware Warranty that Plaintiff claims was breached does not cover

7    Maps, and refers Plaintiff to the Maps Licensing Agreement.  The Maps Licensing Agreement in

8    turn disclaims any and all express warranties.  Moreover, essential facts required for a breach of

9    express warranty, *i.e.*, a guarantee, and a breach of that guarantee, as well as dates of the purchase

10   and the purported breach, are nonexistent.  Accordingly, her claims fail as a matter of law.

11             a.      <u>The Hardware Warranty Does Not Extend To Maps.</u>

12             Plaintiff does not allege the existence of any defects in the iPhone *hardware*.  She

13   complains instead of defects in the iPhone *software*, *i.e.*, Maps.  The Hardware Warranty forming

14   the basis of Count I specifically states, however, that it does not cover "software" included on the

15   iPhone:

16           WHAT IS NOT COVERED BY THIS WARRANTY?

17           ***This Warranty does not apply to any*** non-Apple branded hardware products or
         any ***software, even if packaged or sold with Apple hardware***…. Software
18           distributed by Apple with or without the Apple brand (including, but not limited to
         system software) is not covered by this Warranty. Please refer to the licensing
19           agreement accompanying the software for details of your rights with respect to its
         use. ***Apple does not warrant that the operation of the Apple Product will be***
20           ***uninterrupted or error-free***.

21   (Maier Decl., Ex. 1(a-b) (emphasis added), RJN.)  Apple cannot be held liable for a "software"

22   warranty that it never provided and specifically disclaimed.

23             Furthermore, the "licensing agreement accompanying the software," *i.e.*, the Maps

24   License Agreement, states that Apple does not guarantee the "availability, accuracy,

25   ───────────────
         [3] In paragraph 88 of the Complaint, Plaintiff alleges that she sent to Apple "notice in writing by
26   certified mail of the particular violations of §1770 of the CLRA," but does not state when she sent the
     notice, whether she notified Apple of the alleged breaches of warranty in the letter, and whether the letter
27   was sent a reasonable time after discovering the alleged breaches of warranty.  Indeed, without Plaintiff
     alleging when she purchased the iPhone 5 or experienced the alleged breaches of warranty, it is impossible
28   to discern from this allegation whether she satisfied the pre-suit notice requirement.

1   completeness, reliability, or timeliness" of Maps, and it should not be relied upon where "precise

2   location information is needed or where erroneous, inaccurate, time-delayed or incomplete

3   location data may lead to death, personal injury, property or environmental damage." (*See Id.*, at

4   Ex. 2, RJN.)  Under the Maps License Agreement, Apple disclaims all express warranties

5   regarding Maps, providing Maps "as is," "as available," and "without warranty of any kind." (*Id.*

6   at ¶ 7.3, RJN.)  Apple further states that it does not warrant that Maps "will be uninterrupted or

7   error-free," or that defects in Maps will be corrected. (*Id.* at ¶ 7.4, RJN.)

8          Plaintiff accepted these terms when she purchased and used the iPhone 5.  In doing so, she

9   has no legal basis to declare the existence of an express warranty from Apple covering Maps

10  under the Hardware Warranty.  Count I should be dismissed without leave to amend.[4]

11              b.      Plaintiff Pleads Insufficient Facts To Present A Valid Hardware
12                      Warranty Claim.

13         In addition to being *legally* deficient, Plaintiff's claim is *factually* deficient.  Plaintiff

14  alleges in Count I that "Apple issued written warranties to Plaintiff [] wherein [Apple] warranted

15  that its Apple Devices were free of defects in materials and workmanship." (Complaint, at ¶ 60.)

16  Plaintiff further alleges that Apple's purported failure to cure the alleged defects in Maps

17  "breaches its one year warranty, which 'warrants this Apple-branded hardware product against

18  defects in materials and workmanship under normal use for a period of one (1) year from the date

19  of retail purchase by the original end user purchaser ('Warranty Period')."  (*Id.* at ¶ 43 (quoting

20  language from the Hardware Warranty).)[5]  Because essential key facts are missing from

21  Plaintiff's pleading, it is impossible to determine whether the terms of the one-year Hardware

22  Warranty were in fact breached.  For example, the Complaint fails to state when and where

23

24         [4] Plaintiff further alleges that "[a]s a result of Defendant's breach of the warranty, Plaintiff and the
    Class have suffered economic losses and other general, consequential and specific damages," (Complaint,
25  at ¶ 71), but the Hardware Agreement explicitly disclaims any liability for such damages. (*See* Maier
    Decl., Ex. 1(a-b), RJN.)

26         [5] Plaintiff also alleges that "Apple has charged consumers to repair or replace defective
27  applications or left them no option but to seek repair from a less-expensive third-party repair provider,
    thereby invalidating the warranty issued by Apple going forward." (*Id.* at ¶ 42.)  She does not allege,
28  however, that Apple charged her to repair or replace Maps, or that she sought repair from a third party.

1   Plaintiff purchased her iPhone 5; whether the alleged breach of the Hardware Warranty occurred

2   during the Warranty Period; and whether she submitted a valid warranty claim to Apple during

3   the Warranty Period.  Rule 8(a) requires, at a minimum, these essential facts to state a plausible

4   claim that Plaintiff is entitled to relief for an alleged breach of the one-year Hardware Warranty.

5   "A formulaic recitation of a cause of action with conclusory allegations is not sufficient." *Iqbal*,

6   556 U.S. at 678.

7                    c.       Plaintiff Fails To Identify Any Other Express Warranty.

8           In addition to the Hardware Warranty, Plaintiff also claims that she was "exposed" to

9   statements (i) touting the new iOS 6 as a "major initiative," and (ii) providing "persistent

10  encouragement" by Apple to stick with its products because "the more our customers use our

11  Maps the better it will get." (*Id.* at ¶ 61.)  Based on these two statements, Plaintiff alleges that

12  Maps "did not perform as [Apple] represented." (*Id.* at ¶ 77.)  These statements are non-

13  actionable in warranty for two independent reasons.

14          First, as set forth above, the Hardware Warranty clearly and conspicuously states that it is

15  the exclusive express warranty, and disclaims all other express warranties. (*See* Maier Decl., Ex.

16  1 (a-b), RJN ("…THIS WARRANTY AND THE REMEDIES SET FORTH ARE EXCLUSIVE

17  AND IN LIEU OF ALL OTHER WARRANTIES, REMEDIES AND CONDITIONS,

18  WHETHER ORAL, WRITTEN, STATUTORY, EXPRESS OR IMPLIED.").)  Thus, the

19  Hardware Warranty controls the analysis.

20          Second, neither of these statements satisfies the elements of an express warranty under

21  California law.  A breach of express warranty claim requires that: "(1) the seller's statements

22  constitute an affirmation of fact or promise or a description of the goods; (2) the statement was

23  part of the basis of the bargain; and (3) the warranty was breached." *Weinstat v. Dentsply Int'l.,*

24  *Inc.*, 180 Cal. App. 4th 1213, 1227 (2010) (quotations and citations omitted); *see also* Cal.

25  Comm. Code § 2313(1).  A breach of express warranty claim requires that the plaintiff identify a

26  "specific and unequivocal written statement" about the product that constitutes an "explicit

27  guarantee[]." *Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997).  Neither of

28  these statements constitute an "explicit guarantee" regarding the accuracy or performance of

-11-

1  Maps.  The first statement merely describes iOS 6 – not Maps – as a "major initiative," and the
2  second statement, using Plaintiff's own words, was "encouragement" to purchase Apple products.
3  Simply put, these statements do not "guarantee" anything.  For any and all of these reasons,
4  Plaintiff's remaining express warranty claims fail as a matter of law.

5  **3.  Plaintiff Fails To State A Claim For Breach Of Implied Warranty.**

6  In Count II, Plaintiff alleges that "[b]y operation of Cal. Com. Code § 2314, Defendant
7  impliedly warranted that its devices are merchantable, fit for its ordinary purpose, and free of
8  defects." (Complaint, at ¶68.)  Contrary to Plaintiff's allegation, Apple's Hardware Warranty,
9  which Plaintiff quotes and references repeatedly throughout her Complaint, prominently and
10  conspicuously disclaimed all implied warranties, including implied warranties of
11  "merchantability," "fitness for a particular purpose" and "warranties against hidden or latent
12  defects:"

13  TO THE EXTENT PERMITTED BY LAW, THIS WARRANTY AND THE
14  REMEDIES SET FORTH ARE EXCLUSIVE AND IN LIEU OF ALL OTHER
   WARRANTIES, REMEDIES AND CONDITIONS, WHETHER ORAL,
   WRITTEN, STATUTORY, EXPRESS OR IMPLIED. APPLE DISCLAIMS ALL
15  STATUTORY AND IMPLIED WARRANTIES, INCLUDING WITHOUT
   LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR
16  A PARTICULAR PURPOSE AND WARRANTIES AGAINST HIDDEN OR
   LATENT DEFECTS, TO THE EXTENT PERMITTED BY LAW.
17

18  (Maier Decl., Ex. 1(a-b), RJN.)

19  The California Commercial Code permits sellers to modify or exclude implied warranties,
20  subject to certain requirements. Cal. Comm. Code § 2316.  Apple may properly disclaim the
21  implied warranty of merchantability as long as the disclaimer "mention[s] merchantability" and is
22  "conspicuous." *Id.* at § 2316(2).  Apple may properly disclaim the implied warranty of fitness as
23  long as the disclaimer is in writing and is "conspicuous." *Id.*  In addition, "all implied warranties
24  are excluded by expressions like 'as is,' 'with all faults' or other language which in common
25  understanding calls the buyer's attention to the exclusion of warranties and makes plain that there
26  is no implied warranty." *Id.*

27  Here, Apple conspicuously disclaimed all implied warranties in both the iPhone 5's
28  Hardware Warranty and the Maps License Agreement.  The disclaimers were in ALL CAPS and

-12-

specifically disclaimed implied warranties of merchantability and fitness.  Furthermore, the Maps

License Agreement stated that Maps was provided "as is" and "as available," "with all faults and

without warranty of any kind."  Because Apple's disclaimer of all implied warranties meets the

California Commercial Code's requirements, Count II fails as a matter of law.

> a. Plaintiff Fails To Allege That The Fundamental Purpose Of The iPhone 5 Was Navigational Capability.

The implied warranty of merchantability provides, in part, that the goods must be "fit for

the ordinary purposes for which such goods are used." Cal. Comm. Code § 2134(2)(c).  However,

"[t]he mere manifestation of a defect by itself does not constitute a breach of the implied warranty

of merchantability. Instead, there must be a fundamental defect that renders the product unfit for

its ordinary purpose." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010)

(quotations and citations omitted).

Plaintiff alleges that "[t]he iPhone 4 [sic] cannot perform its ordinary purpose because

Apple Maps does not accurately direct the user to the desired destination, does not accurately

depict landmarks, etc., when used in the ordinary course and for the ordinary purpose for which

devices were sold." (Complaint, at ¶ 69.)  Plaintiff also concedes, however, that the iPhone 5 is a

multi-functional device that combines a phone, a media player, and an internet communication

device, and that Apple marketed the availability and utility of over 700,000 apps[6] on the App

Store:

> The iPhone combines a mobile phone, an iPod touch, and an internet
> communication device into a single hand-held product. The iPhone is therefore
> more than simply a phone and Apple's marketing of the iPhone has focused not on
> its ability to make phone calls, but on the availability and utility of third-party
> apps.

(*Id*. at ¶ 24.)  Plaintiff does not allege that she used the iPhone 5 solely for navigation.  Indeed,

Apple offers Maps on iOS 6 devices that do not include phones and other features.  Plaintiff does

not allege any defects with the phone, media player, internet connection or any of the hundreds of

thousands of other Apps available for the iPhone.  Plaintiff also fails to allege that she

---

[6] *See Id*. at ¶ 6 ("…Apple boasts that the App Store has over 700,000 apps for iPhone and iPod touch).

experienced any difficulty installing any other free maps applications available at the Apps Store.

Finally, Plaintiff stops short of alleging that Maps does not work at all, or a majority of the time.

She simply complains of vague and nonspecific difficulties experienced the first few days with

the device.  Such allegations of mere inconvenience are insufficient to plead a breach of implied

warranty claim.

### 4.       Plaintiff Fails To State A Claim For Violation Of The MMWA

The MMWA provides a federal private right of action for state law warranty claims (18

U.S.C. § 2301(d)(1)), but does not expand those state law rights.  Plaintiff's claim under the

MMWA thus "stand[s] or fall[s] with [her] express and implied warranty claims under state law."

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008).  Here, dismissal of

Counts I and II, which insufficiently plead violations of the California Commercial Code, requires

the dismissal of Count III for violation of the MMWA.

### B.       Counts IV-VII Fail To State A Claim For Relief

It is well-settled in the Ninth Circuit that Rule 9(b)'s heightened pleading standards apply

to claims for violations of the CLRA, UCL, FAL and for negligent misrepresentation claims. *See,*

*e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Platt Elec. Supply, Inc. v.*

*EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir.2008).  "While fraud is not a necessary element

of a claim …, a plaintiff may nonetheless allege … a unified course of fraudulent conduct and

rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to

be 'grounded in fraud' or to 'sound in fraud,' and the pleading as a whole must satisfy the

particularity requirement of Rule 9(b)." *Id.* at 1126 (quotations and citations omitted).  Here,

Plaintiff's claims clearly sound in fraud: "Based on its knowledge or reckless disregard of the

facts as detailed herein, Apple was guilty of acting with malice, oppression or fraud." (Complaint,

at ¶ 90 (CLRA claim)); "Apple's modus operandi constitutes a sharp practice in that Apple knew

and should have known that consumers care about the accuracy of maps …" (*Id.* at ¶ 107 (UCL

claim).)  Plaintiff's claims are therefore subject to the heightened pleading requirements of

Rule 9(b).

1     Plaintiff fails to allege the particular circumstances surrounding the alleged

2  misrepresentations and omissions.  Nowhere in the Complaint does she specify any representation

3  made by Apple that Maps would operate error-free or without fail. *See McKinney v. Google, Inc.*,

4  No. 5:10-cv-01177-EJD, 2011 WL 3862120, at *5 (N.D. Cal. Aug. 30, 2011) (dismissing

5  complaint because plaintiff failed to identify any representation "that the Nexus One would

6  maintain consistent 3G connectivity."); *Baltazar v. Apple Inc.*, No. C 10-03231-WHA, 2011 WL

7  6747884, at *3 (N.D. Cal. Dec, 22, 2011) (even under "the most liberal pleading standard," brief

8  depictions of the iPad being used outdoors "cannot be construed as a promise that the device will

9  operate relentlessly outdoors in sunlight.").  To the contrary, Apple expressly informed Plaintiff

10 that it would not guarantee the accuracy and reliability of Maps.

11    Regarding many of the alleged statements referenced in the Complaint, Plaintiff fails to

12 specify when she was exposed to them or which ones she found material.  In addition, she fails to

13 specify who made the statements and where and when the statements were made.  She also fails

14 to specify how and why the statements were misleading.  In sum, Plaintiff fails to articulate the

15 "who, what, when, where, and how" of the misconduct alleged.  *Kearns*, 567 F.3d at 1125.

16 Plaintiff also fails to specify the particular statements she allegedly relied on when making her

17 purchase, as required under these statutory and common law claims. *Garcia v. Sony Computer*

18 *Entm't Am., LLC*, 859 F. Supp. 2d 1056, 1063 (N.D. Cal. 2012); *see also Maxwell v. Unilever v.*

19 *U.S., Inc.*, No. 5:12-cv-01736-EJD, 2013 WL 1435232, at *2, *5 (N.D. Cal. Apr. 9, 2013)

20 (dismissing UCL, FAL, and CLRA claims for failure to satisfy Rule 9(b) where plaintiff did not

21 "unambiguously specify . . . the particular statements Plaintiff allegedly relied on when making

22 her purchases").  The pleading of these neutral facts fails to give Apple the opportunity to respond

23 to the alleged misconduct. Accordingly, Counts IV-VII do not satisfy the heightened pleading

24 requirements of Rule 9(b) and are therefore subject to dismissal.

25    Just weeks ago, Chief Judge Wilken of this Court dismissed without leave to amend a

26 similar claim against Apple regarding the Siri function on the iPhone 4S. *In re iPhone 4S*

27 *Consumer Litig.*, No. 412-cv-01127-CW, 2014 WL 589388 (N.D. Cal. Feb. 14, 2014).  In *In re*

28 *iPhone 4S*, the plaintiffs alleged that Apple misrepresented that Siri would perform "consistently"

-15-

in understanding user questions, alleging CLRA, FAL, UCL and negligent misrepresentation claims.  The Court, applying the particularized pleading requirements of Rule 9(b), held that the plaintiffs failed to identify any actionable statement and provide the circumstances surrounding that statement, and further held under Rule 8(a) that no reasonable consumer would believe that Siri would operate perfectly. *Id.* at **14-16.  The same rationale applies here.

### 1. Plaintiff Fails To State A Claim Under The CLRA.

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."  Cal. Civ. Code § 1770(a).  Specifically, Plaintiff alleges that Apple violated § 1770(a)(7) of the CLRA, *i.e.*, "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another[.]"  For an affirmative statement to be actionable under the CLRA, it must be "likely to deceive a reasonable consumer."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  Plaintiff's CLRA claim fails as a matter of law.

### a. Plaintiff Fails To Plead The Requisite Elements Of A CLRA Claim.

In her CLRA claim, Plaintiff alleges that Apple misrepresented that the iPhone 5 "had characteristics that it does not actually have." (Complaint, at ¶ 53(k).)  Specifically, Plaintiff alleges:

> … Apple has made the following representations, expressly or by implication to Plaintiff and other members of the Class about the Apple Devices: (i) that Apple designed the Apple Devices to safely and reliably download and update its apps, (ii) that the App Store does not permit apps that violate its developer guidelines to be sold or to be made available for free through the App Store, (iii) that "Apple takes precautions – including administrative, technical, and physical measures – to safeguard [purchaser's] personal safety," and, (iv) that Apple Maps will improve as more consumers use it.

(*Id.* at ¶ 84.)  With the exception of the last statement, Plaintiff fails to identify anywhere in the Complaint who made these statements, where and when these statements were made and advertised, how and why these statements are false and misleading, whether these statements were material, and whether she relied on these statements in purchasing her iPhone 5.  The "who, what, where, when and how" required under Rule 9(b) are wholly absent.  Accordingly, Count IV

-16-

1   fails to satisfy the heightened pleading requirements of Rule 9(b) and should be dismissed.

2          It is no wonder that Plaintiff chose not to disclose the circumstances of the alleged third

3   statement ("Apple takes precautions – including administrative, technical, and physical measures

4   – to safeguard [purchaser's] personal safety.")  The correct statement, found in Apple's Privacy

5   Policy, does not contain the word "safety:" "Apple takes precautions — including administrative,

6   technical, and physical measures — to safeguard your ***personal information*** against loss, theft,

7   and misuse, as well as against unauthorized access, disclosure, alteration, and destruction." (*See*

8   Maier Decl., Ex. 3 (a-d) (emphasis added), RJN.)  The Court may disregard Plaintiff's attempt to

9   manufacture a safety disclosure from a privacy disclosure.

10         Regarding the last statement, this statement could not have misled Plaintiff to believe that

11  Maps was error-free because, as Plaintiff herself acknowledges, it was made directly in response

12  to widely reported criticisms of Maps.  Apple's CEO's letter containing this statement publicly

13  apologized for "falling short" on Maps, and recommended that users download alternative maps

14  applications while Apple makes improvements to Maps. (*See* Complaint, at ¶ 33.)  Plaintiff

15  admits she read this letter before she purchased her iPhone 5.  (*Id.* at ¶ 61.)  Thus, she cannot state

16  a plausible claim under Rule 8, let alone satisfy the stringent requirements of Rule 9(b).

17                 b.      The CLRA Does Not Apply To Software.

18         The CLRA applies only to "goods" and "services," not to computer software such as

19  Maps.  *See* Cal. Civ. Code § 1770.  The CLRA defines "goods" as "tangible chattels bought or

20  leased for use primarily for personal, family, or household purposes," and defines "services" as

21  "work, labor, and services for other than a commercial or business use." *Id.* § 1761(a)-(b). As

22  courts in this Circuit have held, software is neither a "good" nor a "service" under these

23  definitions.  *Wofford v. Apple Inc.*, No. 11-CV-0034, 2011 WL 5445054, at *2 (S.D. Cal. Nov. 9,

24  2011) ("California law does not support Plaintiff's contention that software is a tangible good or

25  service for the purposes of the CLRA."); *In re iPhone Application Litig.*, No. 11-MD-2250, 2011

26  WL 4403963, at *10 (N.D. Cal. Sept. 20, 2011); ("Software is neither a 'good' nor a 'service'

27  within the meaning of the CLRA."); *Ferrington v. McAfee, Inc.*, No. 10-CV-1455, 2010 WL

28  3910169, at *19 (N.D. Cal. Oct. 5, 2010) (holding that "the software Plaintiffs purchased is not a

-17-

1   good covered by the CLRA" and "software generally is not a service for purposes of the CLRA");

2   *but see In re iPhone 4S Consumer Litig.*, No. 412-cv-01127-CW, 2013 WL 3829653 at *14 (N.D.

3   Cal. July 23, 2013).  The Complaint describes and attacks only Apple's purported representations

4   regarding iPhone 5's Maps software, and Plaintiff's claims relate exclusively to the Maps

5   software—not to iPhone 5 itself or any other "good" or "service."  Therefore, the CLRA does not

6   apply to Plaintiff's software-related claims, and her CLRA claim should be dismissed without

7   leave to amend.

8                  **2.       Plaintiff Fails To State A Claim Under The FAL.**

9          The FAL makes it unlawful to make or disseminate any "untrue or misleading" statement

10   "in any newspaper or other publication, or any advertising device." Cal. Bus. & Prof. Code §

11   17500.  In support of her FAL claim, Plaintiff alleges that Apple made the following false and

12   misleading statements in its advertising for Apple Maps: "Apple has repeatedly advertised that its

13   products were safe and secure. Apple has furthered assured consumers that it closely monitors the

14   apps available in the App Store." (Complaint, at ¶ 92.)  Like her deficient CLRA and UCL

15   claims, Plaintiff fails to identify anywhere in the Complaint who made these statements, where

16   and when these statements were made and advertised, how and why these statements are false and

17   misleading, whether these statements were material, and whether she relied on these statements in

18   purchasing her iPhone 5.  The "who, what, where, when and how" required under Rule 9(b) are

19   wholly absent, thereby providing Apple with insufficient notice and no meaningful opportunity to

20   respond to the alleged misconduct.  Accordingly, Count V fails to satisfy the heightened pleading

21   requirements of Rule 9(b) and should be dismissed.

22                  **3.       Plaintiff Fails To State A Claim Under The UCL.**

23          The UCL prohibits acts of "unfair competition." Cal. Bus. & Prof. Code § 17200.  Under

24   the UCL, "unfair competition" includes "any unlawful, unfair or fraudulent business act or

25   practice and unfair, deceptive, untrue or misleading advertising." *Id*.  Thus, the UCL creates

26   "three varieties of unfair competition – acts or practices which are unlawful, unfair or fraudulent."

27   *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999).  Plaintiff asserted

28   a claim under all three prongs of the UCL, but she has not alleged sufficient facts supporting any

-18-

1    of these theories.

2              a.      Plaintiff Fails To Plead A "Fraudulent" Business Practice.

3          Like her CLRA claim, to state a claim under the fraudulent prong of the UCL Plaintiff

4    must show that "members of the public are likely to be deceived." *Stearns v. Ticketmaster*, 655

5    F.3d 1013, 1020 (9th Cir. 2011), cert. denied (April 23, 2012) (quotations omitted).  Plaintiff once

6    again relies on an unidentified statement by Apple that purportedly guarantees the personal safety

7    of its consumers:

8          While Apple represented at all times that the Apple Devices were safe and secure;
           in actuality, the Maps application guided Plaintiffs to unknown locations.  Apple
9          did not inform purchasers, like Plaintiff, that their Apple Devices may be
           vulnerable to mapping fallacies such as: mislabeled restaurants, landmarks, streets,
10         etc., and publishing inaccurate directions, but instead, represented at all relevant
           times that "Apple takes precautions – including administrative, technical, and
11         physical measures – to safeguard [purchaser's] personal safety."

12   (Complaint, at ¶ 109.)

13         Again, Plaintiff fails to identify anywhere in the Complaint who made these statements

14   that the iPhone 5 would keep her "safe and secure," where and when these statements were made

15   and advertised, how and why these statements are false and misleading, whether these statements

16   were material, and whether she relied on these statements in purchasing her iPhone 5.  More

17   significantly, however, is the fact that this statement was never made.  As set forth above, Apple

18   represented only that it takes measures to safeguard consumer "personal information," <u>not</u>

19   "personal safety." (*See* Maier Decl., Ex. 3 (a-d), RJN.)  Plaintiff cannot be misled by a statement

20   that did not exist.

21              b.      Plaintiff Fails To Plead An "Unfair" Business Practice.

22         The test of whether a business practice is "unfair" under the UCL "involves an

23   examination of that practice's impact on its alleged victim, balanced against the reasons,

24   justifications and motives of the alleged wrongdoer."  *Ticconi v. Blue Shield of Cal.,* 160 Cal.

25   App. 4th 528, 539 (2008) (quotations and citations omitted).  An "unfair" business practice occurs

26   "when that practice offends an established public policy or when the practice is immoral,

27   unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id*.

28

1    Plaintiff does not even attempt to present any facts supporting her conclusory allegation

2  that providing a less-than-perfect Maps feature was "immoral, unethical, oppressive,

3  unscrupulous or substantially injurious to consumers."  Moreover, Plaintiff agreed to the terms of

4  the Maps License Agreement, which provided Maps "as-is" and cautioned Plaintiff not to rely on

5  the accuracy of its information.  There is nothing "unfair" about the terms of the parties'

6  contracts, and the Plaintiff cannot invoke the UCL to rewrite them. *See, e.g., Walker v.*

7  *Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1176-1177 (2002) ("The 'unfairness'

8  element of the unfair competition law does not give the courts a general license to review the

9  fairness of contracts.") (citation omitted); *see also Janda v. T-Mobile USA, Inc.*, 378 Fed.Appx.

10  705, 708 (9th Cir. 2010) (same); and *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036,

11  1046 (C.D. Cal. 2008) ("[T]he UCL cannot be used to rewrite [plaintiffs'] contracts or to

12  determine whether the terms of their contracts are fair.").  Indeed, the unfair prong of the UCL

13  "does not give the courts a general license to review the fairness of contracts but rather has been

14  used to enjoin deceptive or sharp practices." *Samura v. Kaiser Foundation Health Plan, Inc.*, 17

15  Cal. App. 4th 1284, 1299 n.6 (1993).

16    c.    Plaintiff Fails To Plead An "Unlawful" Business Practice.

17    A practice is "unlawful" if it violates a law other than the UCL. *Cel-Tech*, 20 Cal. 4th at

18  180.  As discussed herein, Plaintiff fails to plead any violation of law, including the California

19  Commercial Code, MMWA, FAL and CLRA.  Thus, Plaintiff is incapable of pleading an

20  "unlawful" business practice under the UCL.

21    **4.    Plaintiff's Negligent Misrepresentation Claim Fails To State A Claim
       For Relief.**

22

23    In the Ninth Circuit, tort claims for negligent misrepresentation are subject to the stringent

24  pleading standards of Rule 9(b).  *Platt*, 522 F.3d at 1055.  Rule 9(b) requires that Plaintiff plead

25  facts such as "time, place, persons, statements, and explanations of why the statements are

26  misleading." *Ayala v. World Savings Bank, FSB*, 616 F. Supp. 2d 1007, 1011 (C.D. Cal. 2009).

27  In other words, the "who, what, when, where, and how" must be specifically alleged. *Cooper v.*

28  *Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  Such specificity is lacking here.

-20-

1    In her claim for negligent misrepresentation, Plaintiff alleges that "Apple claims to review

2    each application before offering it to its users, purports to have implemented app standards, and

3    claims to have created measures to protect the personal safety of its customers." (Complaint, at

4    ¶ 114.)  Nowhere in the Complaint, however, does Plaintiff identify when and where Apple

5    purportedly made these alleged representations, when and where Plaintiff saw these alleged

6    representations, or whether Plaintiff even  relied on these alleged representations.  Plaintiff's

7    negligent misrepresentation claim therefore fails to satisfy Rule 9(b).

8    Furthermore, Plaintiff's claim is legally barred by California's economic loss doctrine.

9    Under California law, "[i]n the absence of (1) personal injury, (2) physical damage to property,

10   (3) a 'special relationship' existing between the parties, or (4) some other common law exception

11   to the rule, recovery of purely economic loss is foreclosed." *Kalitta Air, LLC v. Cent. Tex.*

12   *Airborne Sys., Inc.*, 315 F. App'x 603, 605 (9th Cir. 2008) (quoting *J'Aire Corp. v. Gregory*, 24

13   Cal.3d 799, 804 (Cal. 1979).  Put simply, the economic loss doctrine was created to prevent "the

14   law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter Co. v.*

15   *Dana Corp.*, 34 Cal. 4th 979, 988 (Cal. 2004) (quotations omitted).

16   Plaintiff fails to allege personal injury or property damage as a result of using Apple

17   Maps, and has not alleged a "special relationship" with Apple.  She only alleges that the alleged

18   representations caused her to purchase her iPhone 5, *i.e.*, economic loss: "As a proximate result of

19   Apple's negligent misrepresentations, Plaintiff [] purchased Apple Devices." (*Id.* at ¶ 117.)  Thus,

20   Plaintiff's negligent representation claim is nothing more than an attempt to plead around the

21   parties' contract that clearly disclaims economic losses.  Because Plaintiff cannot allege injury to

22   person or property, Count VII for negligent misrepresentation should be dismissed without leave

23   to amend.

24   /////

25   /////

26   /////

27   /////

28   /////

1

**V.**     **CONCLUSION**

2      For the reasons set forth above, the Court should dismiss Plaintiff's Complaint.  Dismissal

3 should be without leave to amend because no conceivable amendment could save her claims.

4 *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)

5 (dismissal without leave to amend appropriate where amendment would be futile) (quoting

6 *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

7

                                       Respectfully submitted,

8

9 Dated:  March 3, 2014              **DLA PIPER LLP (US)**

10

                            By:___/s/ Joseph Collins_____

11                                JOSEPH COLLINS

12                     Attorneys for Defendant
                    APPLE INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA Piper LLP (US)
San Francisco

EAST\70830027.6