United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY ROMINE MINKLER, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>APPLE, INC.,<br><br>  Defendant. | Case No. 5:13-CV-05332-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Re: Docket No. 24]** |

**I.   INTRODUCTION**

Presently before the Court in this putative class action suit is Defendant Apple Inc.'s ("Apple") Motion to Dismiss Plaintiff Nancy Romine Minkler's ("Plaintiff") Complaint. See Docket Item No. 24. Pursuant to Civil Local Rule 7-1(b), this matter was taken under submission without oral argument. After a careful examination of the parties' papers, for the reasons stated below, the court will grant Defendant's motion.

**II.   BACKGROUND**

On June 11, 2012, former Apple executive Scott Forstall announced the launch of Apple Maps, a navigational application that could perform on any device running the then-latest version of Apple's mobile operating system (iOS 6). Compl. ¶ 2, Docket Item No. 1. Apple released the iPhone 5, which used the new iOS 6 and included Apple Maps, on September 21, 2012. Id. ¶ 17. Apple Maps proved to be underdeveloped and lacking the amount of data necessary to provide

1

Case No. 5:13-CV-05332-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

consistently accurate mapping. Id. ¶ 3. Consumers complained that the application mislabeled landmarks, streets, and addresses, and led them to inaccurate locations. Id. ¶¶ 31-32. In response, on September 25, 2012, Apple issued a statement saying that the company was "continuously improving" Maps and "appreciates all the customer feedback." Id. ¶ 33. A few days later, on September 28, 2012, Apple CEO Tim Short posted a letter apologizing for Apple Maps' shortfalls and suggesting that customers use other applications or websites while Apple worked to improve the application. Id. ¶ 33.

Plaintiff owns two Apple devices, an iPhone 5 and an iPad, although she does not state when she purchased either product. Id. ¶ 15. She claims that her decision to purchase the iPhone 5 was influenced by the various marketing materials describing the innovation, accuracy, and versatility of Apple Maps, including statements made by Scott Forstall in June 2012 touting iOS 6 as a "major initiative" and advertisements on the Apple website describing the "non-stop work" of Apple that led to "a number of improvements to Maps." Id. ¶¶ 16-17. She made her decision to upgrade to the iPhone 5 based on representations regarding iOS 6, including Apple Maps. Id. ¶ 45. She further claims that had she known that Apple Maps was defective, she "would not have purchased [the iPhone 5], and certainly she would not have paid as much for it." Id. ¶ 19. Plaintiff alleges that approximately two days after she purchased the iPhone 5, Apple Maps improperly labeled numerous streets, buildings, and landmarks, as well as led her to several incorrect locations. Id. ¶ 18.

The iPhone 5 includes a limited, one-year warranty ("Hardware Warranty") that covers the iPhone's hardware against defects in materials and workmanship for a period of one (1) year ("Warranty Period") from the date of original retail purchase by the end-user purchaser. Id. ¶ 33; see also Maier Decl., Ex. 1(a-b), Docket Item No. 26-1.[1] The Hardware Warranty does not cover

---

[1] Apple has requested that the Court take judicial notice of the Maier Declaration and its attached exhibits, including full copies of the Hardware Warranty and referential Software Licensing Agreement. See Docket Item No. 25; Docket Item No. 26. Pursuant to Federal Rule of Evidence 201, the Court will grant judicial notice of the Hardware Warranty and Software Licensing Agreement because their accuracy is not disputed and the contents of both are referenced in the Complaint. A court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" and "treat such documents as part of the complaint." Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1160 (9th Cir. 2012) (citations omitted).

2
Case No. 5:13-CV-05332-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

any software installed on the iPhone. Dkt. No. 26-1 ("This warranty does not apply to . . . any software, even if packaged or sold with Apple hardware . . . Apple does not warrant that the operation of the Apple Product will be uninterrupted or error-free."). By using the iPhone, Plaintiff agreed to be bound by the terms of the Hardware Warranty. Id. The warranty plainly states in capitalized typeface that it is exclusive and in lieu of all other written warranties, express or implied. Id. In the event of a hardware defect, Plaintiff was required to submit a warranty claim to Apple during the Warranty Period. Id.

The Hardware Warranty also refers users to the Software Licensing Agreement, which covers any and all applications. Dkt. No. 26-2. Paragraph 5(3) of the agreement states that Apple does not guarantee the accuracy of Maps, and it should not be relied upon where precise location information is needed. Id. In Paragraph 7.3 of the licensing agreement, Apple states in capitalized typeface that Maps is provided "as is," "as available," and "without warranty of any kind," and disclaims all implied warranties, including implied warranty of merchantability and fitness for particular purpose. Id. Paragraph 7.4 states that Apple does not warrant that Maps will be "uninterrupted or error free." Id.

On November 15, 2013, Plaintiff filed her Complaint individually and on behalf of all others similarly situated in the United States against Apple, alleging seven causes of action: (1) breach of express warranty, (2) breach of implied warranty, (3) violations of the Magnuson-Moss Warranty Act (MMWA), (4) violations of the Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750, (5) violation of California False Advertising Law (FAL), Cal. Bus. Prof. Code § 17500, (6) violation of the California Unfair Competition Law (UCL), Cal. Bus. Prof. Code § 17200, and (7) negligent misrepresentation. Dkt. No. 1. On March 3, 2014, Apple filed its motion to dismiss all counts. Dkt. No. 24. Plaintiff filed a response on April 4, 2014 (Docket Item No. 30) and Defendant filed a reply on April 30, 2014 (Docket Item No. 31).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A

complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

Claims which sound in fraud are subject to a heightened pleading standard. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'"). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764. In other words, these claims must generally contain more specific facts than is necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

## IV. DISCUSSION

Plaintiff's Complaint alleges that through its marketing and advertising campaigns for iOS6 and Apple Maps, Apple misleadingly represented that Apple Maps was an accurate, innovative, and versatile navigational tool, when in fact Apple knew that Apple Maps was underdeveloped and inaccurate. Plaintiff brings seven counts against Apple under these allegations. The first three allege breaches of express and implied warranties. The remaining four counts stem from allegations that Apple engaged in fraudulent conduct by misrepresenting Apple Maps' functionality to its consumers. Plaintiff provides no specific examples of Apple Maps errors, nor does Plaintiff plead any exact dates or locations at which these errors occurred. Plaintiff claims that Apple Maps is "clearly defective" and provides examples of erroneous location marking, but does not claim that she herself was led astray by these markings. Id. ¶¶ 36-37.

Apple contends that all counts should be dismissed because Plaintiff has failed to state a claim. In addition, Apple argues that the counts for breach of express and implied warranties should be dismissed because Plaintiff failed to plead that she met the pre-suit demand requirement set forth in Cal. Com. Code § 2607; that the counts sounding fraud should be dismissed pursuant to Rule 9(b) because Plaintiff has failed to plead her claims with particularity; and that the negligent misrepresentation claim should be dismissed pursuant to California's economic loss doctrine because Plaintiff has not pled any injury to her person or property.

### A. Warranty Claims

Plaintiff raises various warranty claims in her Complaint. She first claims that Apple breached express warranties when it failed to replace the iPhone 5 even after discovering that Apple Maps was defective. Plaintiff also claims that Apple impliedly warranted that its devices are merchantable, fit for its ordinary purpose, and free of defects. Finally, Plaintiff derivatively claims that Apple's breach of these warranties constitutes a violation MMWA. Apple moves to dismiss these claims, contending that Plaintiff has failed to state a claim because she has not identified any actionable express or implied warranty and because she has failed to plead that she gave pre-suit notice in compliance with Cal. Com. Code § 2607. Finally, Apple argues that because Plaintiff's

5

Case No. 5:13-CV-05332-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

MMWA claim is dependent on her having adequately pled a breach of an express or implied warranty under state law, her MMWA count must fail.

### 1. Breach of Express Warranty Claims

To state a claim for breach of express warranty under California law, a plaintiff must allege (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury. Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 142 (Cal. Ct. App. 1986). A plaintiff also must plead that he or she provided the defendant with pre-suit notice of the breach. Cal. Com. Code § 2607. Apple contends that Plaintiff's allegations are insufficient to state a claim for breach of express warranty because Plaintiff failed to plead pre-suit notice, the Hardware Warranty does not cover Apple Maps, and Plaintiff failed to plead essential facts required to state a claim for breach of express warranty. Dkt. No. 24 at 9.

#### a. Notice Requirement

Apple argues that Plaintiff's claims for breach of express warranty should be dismissed because she failed to plead that she provided pre-suit notice to Apple regarding the alleged breach as required under California law. Under California Commercial Code § 2607, a "buyer must, within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." The purpose of this rule is to "allow the seller the opportunity to repair the defective item, reduce damages, avoid defective products in the future, and negotiate settlements." Cardinal Health 301 v. Tyco Elec. Corp., 169 Cal App. 4th 116, 135 (2008).

Plaintiff alleges in her Complaint that because she is an unsophisticated consumer she was not required to abide by these notice requirements and Apple is estopped from bringing this defense. However, Plaintiff fails to provide any support for this legal conclusion, and the Court can find no independent authority supporting the notion that Plaintiff is exempt from the notice requirement because she is an "unsophisticated consumer." In fact, such an exception would appear to undermine the very purpose of this notice requirement. California courts have found that "[a]s between the immediate parties to the sale, (the notice requirement) is a sound commercial rule, designed to protect the seller against unduly delayed claims for damages." Greenman v. Yuba

6

Case No. 5:13-CV-05332-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   Power Products, Inc., 59 Cal. 2d 57, 61 (1963). The immediate parties to the sale are, by and large,
2   the seller and consumer.
3         An exception is that timely notice of a breach of an express warranty is not required where
4   the action is brought by "injured consumers against manufacturers with whom they have not dealt."
5   Greenman, 59 Cal. 2d. at 61. The purpose of this exception is to protect an unwary buyer because
6   "it will not occur to him to give notice to one with whom he has had no dealings." Id. (citation
7   omitted). Here, Plaintiff has pled that she had "direct dealings" with Apple and that "Plaintiff and
8   the Class purchased Apple Devices from Apple and/or Apple authorized retailers." Dkt. No. 1 ¶
9   67. Therefore, the exception does not apply to this case.
10        Finally, Plaintiff argues that she satisfied the pre-notice pleading requirement by alleging
11  that her counsel sent a letter "as set forth in the [Complaint]." Dkt. No. 30 at 10. Plaintiff is
12  presumably referring to her allegation that "on September 26, 2013, Plaintiffs' counsel provided
13  separate written notice of the faulty Apple Maps to Apple, Inc." Dkt. No. 1 ¶ 63. However,
14  Plaintiff fails to plead that she provided this notice within a reasonable time of discovering the
15  breach, as is required by § 2607, as she fails to provide the date that she purchased her iPhone or
16  the date of the alleged breach. As Plaintiff has failed to plead that she provided pre-suit notice of
17  the breach within a reasonable time of discovering the breach, Plaintiff is not exempt from this
18  notice requirement, and therefore Plaintiff's warranty claims must be dismissed.

19                    **b.    Hardware Warranty**

20  Plaintiff states that Apple's Hardware Warranty, which warrants hardware "against defects
21  in materials and workmanship under normal use for a period of one (1) year from the date of retail
22  purchase by the original end user purchaser" is one express warranty that Apple violated by failing
23  to replace the iPhone 5 after discovering that Apple Maps was defective. However, the full text of
24  the Hardware Warranty clearly indicates that it does not apply to software, i.e. applications, and
25  refers to the Software Licensing Agreement for those purposes. Dkt. No. 26-1. The Software
26  Licensing Agreement clearly indicates that the applications come "as is." Dkt. No. 26-2. Plaintiff
27  has not alleged any facts suggesting that the problems with Apple Maps stemmed from the
28

7

Case No. 5:13-CV-05332-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

iPhone's hardware, and the Software Licensing Agreement clearly does not provide any express warranty for Apple Maps.

Moreover, Plaintiff's failure to allege the date that she purchased the iPhone and the date of the alleged breach renders her Complaint factually deficient. It is impossible for Defendant or the Court to determine whether the alleged breach actually took place within the Warranty Period. Therefore, Plaintiff has failed to put Apple on fair notice of the claims against them. In sum, Plaintiff has not stated any plausible claim for breach of express warranty.

### c. Apple's Statements

Plaintiff also claims that statements made by Apple spokeswoman Trudy Miller in September, 2012 touting the new iOS 6 as a "major initiative" and CEO Tim Cook's September 28, 2012 letter encouraging consumers to use its products because "the more our customers use our Maps the better it will get" created an express warranty. Dkt. No. 1 ¶ 61. This allegation also fails to state a claim for relief for breach of express warranty because the Software Licensing Agreement explicitly represents that Maps is provided "as is," "as available," and "without warranty of any kind," and by agreeing to its terms Plaintiff acknowledged that "no oral or written information or advice given by Apple or an Apple authorized representative shall create a warranty." Dkt. No. 26-2. Even if Plaintiff had identified an actionable express warranty via these statements, she fails to allege the date of the supposed breach or any specifics regarding the Apple Maps defects that occurred on her iPhone 5. Because Plaintiff failed to plead that she provided pre-suit notice of the breach and fails to identify an express warranty under which she can plausibly state a claim for relief, this cause of action will be dismissed.

### 2. Breach of Implied Warranty Claims

In her second cause of action, Plaintiff alleges that Apple impliedly warranted that its devices are merchantable, fit for ordinary purpose, and free of defects. Dkt. No. 1 ¶ 68. Apple argues that this claim must fail because Apple's Hardware Warranty and Software Licensing Agreement prominently and conspicuously disclaimed all of these alleged implied warranties. Apple further argues that even if these implied warranties had not been disclaimed, this count fails because Plaintiff fails to allege that navigational capability was the fundamental purpose of the

8
Case No. 5:13-CV-05332-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

iPhone 5, that she experienced any difficulty installing other free map applications, or that Apple Maps fundamentally fails.

Apple asserts that it has properly disclaimed all of these implied warranties pursuant to California consumer law. A company may disclaim the implied warranty of merchantability so long as the disclaimer "mentions[s] merchantability" and is "conspicuous." Cal. Com. Code § 2316(2). A company may disclaim the implied warranty of fitness as long as the disclaimer is in writing and "conspicuous." Id. Finally, "all implied warranties are excluded by expressions like 'as is,' 'with all faults,' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." Cal. Com. Code § 2316(3)(a). Here, Apple's Hardware Warranty disclaimed all implied warranties in accordance with California law because it stated in clear language and capitalized formatting that Apple "disclaims all statutory and implied warranties, including without limitation, warranties of merchantability and fitness for a particular purpose and warranties against hidden or latent defects." Dkt. No. 26-1. The disclaimer is in writing, conspicuous, and mentions merchantability. Furthermore, Apple's Software Licensing Agreement prominently and conspicuously states that Apple Maps is sold "as is," thereby excluding all implied warranties under California law. Dkt. No. 26-2.

Even if Apple had not disclaimed all implied warranties, Plaintiff still fails to state a claim for breach of implied warranty. To establish a breach of implied warranty of merchantability, Plaintiff must allege a "fundamental defect that renders the product unfit for its ordinary purpose." Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010). Here, Plaintiff fails to allege that the ordinary purpose of the iPhone 5 was navigational capability. The iPhone 5 has a multitude of uses (including a phone, music player, game console, and web browser), and while Plaintiff claims to have used Apple Maps, Plaintiff never alleges that she used the iPhone solely for navigation. In addition, Plaintiff has failed to allege a fundamental defect in the software. Although she alleges several problems exist in the software, she has not alleged that Apple Maps failed to work at all or even that it failed to work a majority of the time. Therefore, Plaintiff has

9
Case No. 5:13-CV-05332-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

not alleged a plausible claim for relief under breach of implied warranty, and this cause of action will be dismissed.

### 3. MMWA Claim

Plaintiff's third cause of action alleges that Defendant's written affirmations of fact created a written warranty as to Apple Maps' functionality and/or there exists an implied warranty for the sale of such products such that Apple Maps' failure to perform consistently and Apple's failure to cure this defect violated the MMWA. The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d). In the instant case, the warranty allegations Plaintiff has brought arise exclusively under state law. Thus, her MMWA claims will "stand or fall with [her] express and implied warranty claims under state law." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008). Accordingly, having found that Plaintiff has failed to plead her claims for breach of warranty under state law, the Court will also dismiss Plaintiff's claim under the MMWA.

## B. Fraud Claims

### 1. State Law Claims

Plaintiff does not allege personal injury or property damage, only that had she known that Apple Maps was defective, she "would not have purchased [the iPhone 5], and certainly she would not have paid as much for it." Dkt. No. 1 ¶ 19. Apple argues that Plaintiff's negligent misrepresentation state-law claim should be dismissed because she fails to allege personal injury or property damage as a result of using Apple Maps, and recovery of pure economic loss is foreclosed in California negligence claims. In actions for negligence in California, recovery of purely economic loss is foreclosed in the absence of "(1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule." Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc., 315 F. App'x 603, 605 (9th Cir. 2008) (quoting J'Aire Corp. v. Gregory, 24 Cal.3d 799, 804 (Cal. 1979)). Because Plaintiff's economic injury is foreclosed under this negligence action and she has failed to allege any personal

10
Case No. 5:13-CV-05332-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  injury or property damage or special relationship, she has failed to identify an injury sufficient to
2  give her standing in her negligent misrepresentation claim. Therefore, the claim will be dismissed.

### 2. CLRA, UCL, and FAL Claims

To bring a fraud claim in federal court, Plaintiff must meet the standing requirements of Article III. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Article III standing is limited to those plaintiffs who can allege an injury in fact that is: (1) actual and imminent; and (2) concrete and particularized. Id. The alleged injury must also be fairly traceable to the defendant's conduct and redressed by a favorable court decision. Id. An allegation that the plaintiff would not have bought a product but for the purported misrepresentation has been found to be an economic injury sufficient to create standing under the UCL, CLRA, and FAL. See Trew v. Volvo Cars of N. Am., LLC, CIV-S-051379-DFLPAN, 2006 WL 306904 (E.D. Cal. Feb. 8, 2006); McMahon v. Take-Two Interactive Software, Inc., 13-CV-02032-VAP, 2014 WL 324008 (C.D. Cal. Jan. 29, 2014). This is because in a transaction Plaintiff has surrendered more, or acquired less, than he or she otherwise would have. In re Sony Gaming Networks & Customer Data Sec. Breach Litig., 903 F. Supp. 2d 942, 966 (S.D. Cal. 2012). Therefore, Plaintiff has adequately alleged an economic injury sufficient to create standing for her UCL, CLRA and FAL claims.

Apple argues, and Plaintiff does not dispute, that these claims are subject to the heightened pleading standard of Rule 9(b). Apple's contention accords with the applicable Ninth Circuit case law. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1055 (9th Cir. 2008). When a plaintiff alleges a course of fraudulent conduct and relies upon that for the basis of her claim, the claim is said to be "grounded in fraud" or to "sound in fraud" and must meet the Rule 9(b) pleading standard. Id. at 1126. In this matter, Plaintiff's Complaint sounds in fraud, as she has alleged a course of fraudulent conduct on the part of Apple to mislead or otherwise deceive customers into purchasing the iPhone 5 because of the innovation of Apple Maps. She also explicitly claims that "Apple was guilty of acting with malice, oppression, or fraud." Dkt. No. 1 ¶ 90.

Under Rule 9(b), plaintiffs must plead the "who, what, when, where, and how" of the misconduct alleged and detail the "time, place, and specific content of the false representations." Kearns, 567 F.3d at 1125; Swartz, 476 F.3d at 764. Apple contends that Plaintiff's allegations fail to meet this heightened pleading standard. Plaintiff rebuts that she has "set forth [the] 'who' (Apple); 'what' (that Apple made specific representations that Maps would be accurate and improve over time); 'when' (Apple's false representations to consumers began with the announcement to launch iOS 6 in June of 2012 and continues through the present); 'where' (. . . press releases, press conferences, emails, and the Internet); and 'how' (Apple knew or should have known that Maps would not perform as advertised, yet it advertised Maps as an accurate and improving navigational tool to consumers nationwide)." Dkt. No. 30 at 8.

Apple points to another case in this district in which the court dismissed similar CLRA, FAL, and UCL claims. In that case, the plaintiffs alleged that Apple's advertisements misrepresented that Siri (an Apple application) would perform on a consistent basis. In re Iphone 4S Consumer Litig., 12-CV-01127-CW, 2014 WL 589388 (N.D. Cal. Feb. 14, 2014). The court dismissed the claims because the plaintiffs had not alleged "any specific statement by Apple that expressly indicates that Siri would be able to answer every question, or do so consistently." Id. at *6; see also McKinney v. Google, Inc., 10-CV-01177-EJD, 2011 WL 3862120, at *5 (N.D. Cal., Aug. 30, 2011) (dismissing complaint because plaintiff failed to identify specifically any representation "that the Nexus One would maintain consistent 3G connectivity.")

Here, while Plaintiff specifies the date, speaker, and statement, Plaintiff has failed to identify any specific statement by Apple that expressly indicates that Apple Maps would always work flawlessly and without error. In addition, Plaintiff has not identified with particularity the actual defect she experienced. Instead, Plaintiff only alleges that Apple Maps led her to incorrect locations. Because Plaintiff has not pled with particularity the circumstances surrounding Apple's fraudulent behavior, she has failed to meet the 9(b) pleading standards for her claims sounding in fraud and the Court will dismiss the CLRA, FAL, and UCL counts against Apple.

Case No. 5:13-CV-05332-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## V. CONCLUSION

For all the reasons stated above, Defendant's Motion to Dismiss will be GRANTED with leave to amend.

**IT IS SO ORDERED**

Dated: August 20, 2014

EDWARD J. DAVILA
United States District Judge